EDWIN F. WIGGIN and EBEN F. BACON, Assignees, etc., Respondents, v. SHERMAN D. PHELPS and WILLIAM O. DOUGLASS, Appellants.

*Venue — change of, for convenience of witnesses — when granted.*

When, upon a motion to change the place of trial, the defendant swears to nineteen witnesses residing in another county, all of whom are sworn to be material, and the plaintiff swears to no witnesses residing in the county where the venue is laid, but simply sets forth, in his affidavit, facts tending to show that the defense, sought to be established by defendant's witnesses has no real existence, the motion should be granted.

APPEAL from an order made at Special Term, denying a motion to change the place of trial.

*T. C. Cronin*, for the appellants.

*Miles Beach*, for the respondents.

DAVIS, P. J.:

This is an appeal from an order denying motion of the defendants to change the place of trial from the city and county of New York to the county of Broome.

The defendants' affidavit shows that the cause of action arose in the county of Broome, and that the defendants have nineteen witnesses residing in that county, all of whom are sworn to be material, and the facts expected to be proved by each of them are set forth.

The plaintiffs swore to no witnesses residing in the city and county of New York, but presented an affidavit touching the merits of the action, and of the defense, tending strongly to show that no such defense or counter-claim as that set up by the defendants, in fact exists. To retain the place of trial, the plaintiffs should have shown some witnesses residing in the city of New York, and their failure to do so left it necessary for the court below to dispose of the motion solely by a partial trial of the merits of the action upon the *ex parte* affidavits presented by the plaintiffs.

It is claimed that upon the facts shown, to wit, that a large number of witnesses for the defendant resided in the county of Broome, and in the absence of any affidavit of witnesses residing in New York, it was a substantial right of the defendant to have the place of trial changed, and that the court below erred in denying the motion upon the supposed merits of the action and defense, as presented by the *ex parte* affidavits of the plaintiffs.

We are inclined to think this view the proper one. It was the established practice, under the old system, to grant motions of this kind, unless the plaintiff showed an equal or greater number of witnesses in the county where the venue was laid.

Afterwards the court, by its rules, allowed the parties to state the facts expected to be proved by the respective witnesses. This opened the question of the materiality of the witnesses to the consideration of the court, without regard to the numbers stated; but it has never

been the practice to allow the plaintiff to retain his venue, where the defendant swears to witnesses residing in another county, by alleging facts in his affidavit tending to show that the defense, expected to be established by such witnesses, has no real existence. It is manifest, if this practice be introduced, that in this kind of motions the court will be called to pass upon the merits of the issues, irrespective of the convenience of witnesses which is really the proper subject of consideration. Of course, where the facts show that the motion is made in bad faith the court may properly deny it, and in determining that question may undoubtedly take into consideration the question whether any substantial defense exists; but the conclusion as to bad faith ought not to be left to depend wholly upon the partial trial of the action upon the *ex parte* affidavits of the plaintiffs. We think, upon all the papers presented, the defendants showed a substantial right to change the place of trial, and that such right was not met or impugned, according to the established practice. We do not intend to hold that orders made in this class of motions upon conflicting affidavits as to the convenience of witnesses, are appealable. The motion should have been granted.

The order below should be reversed, and the motion granted, with ten dollars costs of motion below, and ten dollars costs and disbursements of this appeal, to abide the event of the action.

BRADY and DANIELS, JJ., concurred in the result.

Ordered accordingly.